IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| HENRY MARVIN MOSS, | : | |
| Petitioner | : | |
| VS. | : | 1 : 07-CV-46 (WLS) |
| TONY HENDERSON, Warden, | : | |
| Respondent. | : | |

**RECOMMENDATION**

Presently pending in this § 2254 action is the respondent's Motion to Dismiss the petition as untimely. The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

The petitioner was convicted in Ben Hill County on October 11, 2005, of felony shoplifting and was sentenced to 10 years probation, to serve 280-365 days in a probation detention center. On October 31, 2005, the petitioner filed an application for the writ of habeas corpus in the Superior

Court of Emanuel County. The state habeas court denied relief in an order dated January 5, 2006. The petitioner thereafter filed this federal petition on March 6, 2007, challenging his 2005 Ben Hill shoplifting conviction.

A review of the record herein reveals that the filing of this federal habeas petition was clearly untimely, and that the tolling provision of § 2244(d)(2) does not protect the petitioner. The respondent asserts that petitioner's conviction became final on February 4, 2006, the date on which the time for filing further appellate review of the denial of his state habeas petition expired.[1] Pursuant to 28 U.S.C. § 2244(d), the petitioner had one year, or 365 days, from February 4, 2006, in which to file this federal petition, and/or toll the limitations period by filing a state habeas petition. Following the denial of his state habeas petition and the expiration of the time period for seeking further appellate review of this denial, the petitioner waited 395 days, or until March 6, 2007, to execute this federal petition. In response to the respondent's contentions, the petitioner simply states that he is entitled to habeas relief.

Based on the petitioner's untimely filing of this federal petition, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED** and that this matter be dismissed with prejudice. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN

---

[1]The court notes that it appears that petitioner's conviction actually became final on November 11, 2005, the final day upon which petitioner could have filed a notice of appeal with the Georgia Court of Appeals. Although the respondent does not provide specific explanation for his determination of the date petitioner's conviction became final, the petitioner's filing of a state habeas petition twenty (20) days after his date of conviction presumably tolled the running of the one-year statute of limitations, once it began running on November 11, 2005. The petitioner then had one year in which to file this federal petition following the completion of collateral review and the expiration of time for seeking appeal on February 4, 2006. This determination of the relevant dates does not change the outcome herein, to wit, that the petitioner waited more than one year after the completion of collateral review to file this federal petition and it was therefore untimely.

TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 6th day of December, 2007.

    /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE